UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ALVINO RAY SINQUEFIELD,

    Petitioner,

Case No. 2:15-cv-97

v.

HON. ROBERT HOLMES BELL

DUNCAN MACLAREN,

    Respondent.
_____/

## ORDER

On October 13, 2015, Magistrate Judge Timothy Greeley issued a Report and Recommendation ("R&R") recommending that Petitioner's petition under 28 U.S.C. §2254 be dismissed because it is barred by the one-year statute of limitations. (ECF No. 13.) This matter is before the Court on Petitioner's Objections to the R&R. (ECF No. 20.)

This Court is required to make a de novo review upon the record of those portions of the R&R to which specific objections have been made, and may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious.").

Petitioner objects to the Magistrate Judge's conclusion that the statute of limitations

bars his petition. Petitioner argues that equitable estoppel and equitable tolling apply to toll the statute of limitations, and the miscarriage-of-justice exception excuses his late filing.

Petitioner claims that equitable estoppel should apply because the State concealed a material fact that it had a duty to disclose, in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Petitioner asserts that the State withheld information that the principal witness removed a weapon from the crime scene, taking away Petitioner's ability to present an argument of self-defense. It appears that Petitioner seeks equitable estoppel to interrupt, or toll, the statute of limitations. The Court believes Petitioner's equitable estoppel claim is adequately covered by its discussion of equitable tolling.

The one-year statute of limitations period under 28 U.S.C. § 2244(d)(1) is subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010); *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009); *Keenan v. Bagley*, 400 F.3d 417, 420 (6th Cir. 2005). But the Sixth Circuit grants equitable tolling "sparingly." *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (internal citation omitted)).

A petitioner seeking equitable tolling has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Lawrence v. Florida*, 549 U.S. 327, 335 (2007). Equitable tolling is only available if Petitioner satisfies both elements of the two-part test. *Menominee Indian Tribe of Wisconsin v. United States*, 136 S. Ct. 750, 752 (2016).

Petitioner has not demonstrated that he pursued his rights diligently. Petitioner had one year from February 8, 1999 to file his habeas application or to take action to toll the statute of limitations. Petitioner did not file anything until January 25, 2013, when he filed his motion for relief from judgment in the Ingham County Circuit Court. He has not demonstrated that he pursued his rights diligently from February 1999 to January 2013.

Further, Petitioner has not shown that some extraordinary circumstance stood in his way. Petitioner admits "[i]t is clear I have failed and *ignored* the legal requirements for filing this claim." (Pet'r's Objections 4, ECF No. 20.) (emphasis in original). Even if he was unaware of the legal requirements, lack of knowledge of the statute of limitations or ignorance of the law does not warrant tolling. *See Allen v. Yukins*, 366 F.3d 396, 403-04 (6th Cir. 2004); *Craig v. White*, 227 F. App'x 480, 482 (6th Cir. 2007).

Although Petitioner argues that equitable estoppel should apply because of an alleged *Brady* violation, it appears that Petitioner may be trying to establish this violation as an extraordinary circumstance that prevented Petitioner from filing an earlier petition. Evidence that the principal witness moved the victim's gun, the basis of Petitioner's *Brady* violation claim, is clearly based on witness testimony at trial. (Am. Pet. 17, ECF No. 11-2.) Petitioner knew about this evidence during his trial in 1996, so the alleged *Brady* violation was not an extraordinary circumstance that stood in Petitioner's way from filing a timely habeas petition. Petitioner has failed to establish each element of the two-part test, and thus, is not entitled to equitable tolling.

Under the miscarriage-of-justice exception, a habeas petitioner who can show actual

innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations. *McQuiggan v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013). Petitioner must present new evidence showing that "it is more likely than not that 'no reasonable juror' would have convicted him." *Schlup*, 513 U.S. at 329. Actual innocence provides an exception to the statute of limitations, rather than a basis for equitable tolling, so a petitioner need not demonstrate reasonable diligence if he can make a showing of actual innocence. *Id.* at 1936.

Petitioner cannot establish that he was actually innocent. According to the Michigan Court of Appeals, it is "essentially undisputed that [Petitioner] walked up to the victim, who was seated in his automobile, and punched the victim with his right hand, while [Petitioner] was carrying a pistol in his left hand." *People v. Sinquefield*, No. 195024, 2007 WL 33330900 at *1 (Mich. Ct. App. Dec. 16, 1997). Petitioner "initiated a violent and armed confrontation, and whether the victim fired first or defendant fired first was a matter of insignificant legal difference." *Id.* The jury heard testimony from the principal witness about removing the gun from the crime scene, and came to the conclusion that this was first-degree murder, not self-defense. Petitioner has not shown that, with the evidence of the victim's gun, no reasonable juror would have convicted him. Because Petitioner failed to provide new evidence of his actual innocence, he is not excused from the one-year statute of limitations under §2244(d)(1). Thus, his habeas petition is time-barred.

Although Petitioner disagrees with the Magistrate Judge's conclusions regarding these issues, Petitioner has not demonstrated that the conclusions were erroneous. The R&R

accurately recites the facts and correctly applies pertinent law. The Court agrees with and adopts the Magistrate Judge's analysis on these issues.

With regard to the sections of the R&R not specifically objected to, the Court has reviewed the matters and concludes that the R&R correctly analyzes the issues and makes a sound recommendation.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the R&R (ECF No. 20) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R (ECF No. 13) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**. 28 U.S.C.§2253(c). Reasonable jurists would not disagree with the Court's conclusion that the petition is barred by the one-year statute of limitations. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

A judgment will enter that is consistent with this order.


Dated: September 14, 2016                /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         UNITED STATES DISTRICT JUDGE